PAUL L. REIN, Esq.  (SBN 43053)
PATRICIA BARBOSA, Esq.  (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

Attorneys for Plaintiff
JOHN MANNICK


THOMAS E. HILL, Esq. (SBN 100861)
TIMOTHY PIERCE, Esq. (SBN 141170)
THELEN REID & PRIEST LLP
333 South Hope Street, 29th Floor
Los Angeles, CA 90071
(213) 576-8000

ELLEN M. PAPADAKIS, Esq. (SBN 186621)
THELEN REID & PRIEST LLP
101 Second Street, Suite 1800
San Francisco, CA 94105
(415) 371-1200

Attorneys for Defendants
KAISER FOUNDATION HEALTH PLAN, INC.;
KAISER FOUNDATION HOSPITALS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN MANNICK | Case No. C03-05905 PJH |
| Plaintiff, | Civil Rights |
| v. | |
| KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; and DOES 1-50, Inclusive, | **CONSENT DECREE AND ORDER** |
| Defendants. | |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH                — 1 —        S:\jm\Cases\K\Kaiser\pleadings\consent decrees\5-9-05 Kaiser Consent Decree.doc

## CONSENT DECREE AND ORDER

1. Plaintiff JOHN MANNICK filed this action seeking to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C. §§ 12101 et seq., and California civil rights laws against Defendants, KAISER FOUNDATION HEALTH PLAN, INC. and KAISER FOUNDATION HOSPITALS ("Defendants"). Plaintiff has alleged that Defendants violated Title III of the ADA and sections 54.1 and 55 of the California Civil Code, and sections 19955 et seq., of the California Health and Safety Code by failing to provide full and equal access to their facilities at the Kaiser Hospital in Oakland when plaintiff was hospitalized at the subject facilities, from January 2, 2003, to January 8, 2003.

2. Defendants KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; deny these allegations and by entering into this Consent Decree and Order do not admit liability to the allegations in Plaintiff's Complaint filed in this action. The parties have reached an agreement of the claims asserted by Plaintiff for the purpose of resolving this lawsuit without the need for protracted litigation, and without the admission of any liability.

**JURISDICTION:**

3. The parties to this consent decree agree that the Court has jurisdiction of this matter pursuant to 28 USC §1331 for violations of the Americans with Disabilities Act of 1990, 42 USC 12101 et seq. and pursuant to pendant jurisdiction for violations of California Health & Safety Code §19955 et seq., including §19959; Title 24 California Code of Regulations

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH                                   — 2 —     S:\jm\Cases\K\Kaiser\pleadings\consent decrees\5-9-05 Kaiser Consent Decree.doc

(hereinafter, "Title 24-2"); and California Civil Code §§54; 54.1; §54.3; and 55.

4.  In order to avoid the costs, expense, and uncertainty of protracted litigation, the parties to this consent decree agree to entry of this Order to resolve all claims regarding injunctive relief raised in the Complaint filed with this Court on December 31, 2003. Accordingly, they agree to the entry of this Order without trial or further adjudication of any issues of fact or law concerning plaintiff's claims for injunctive relief.

WHEREFORE, the parties to this consent decree hereby agree and stipulate to the Court's entry of this Consent Order, which provides as follows:

**SETTLEMENT OF INJUNCTIVE RELIEF**:

5.  This Order shall be a full, complete, and final disposition and settlement of Plaintiff's claims against Defendants for injunctive relief that have arisen out of the subject Complaint. The parties agree that there has been no admission or finding of liability or violation of the ADA and/or California civil rights laws, and this Consent Decree and Order should not be construed as such. Moreover, this Consent Decree cannot be used as evidence by Plaintiff to prove the damages portion of his case.

6.  The parties agree and stipulate that the corrective work will be performed in compliance with the standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2 and Americans with

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH

— 3 —

S:\jm\Cases\K\Kaiser\pleadings\consent decrees\5-9-05 Kaiser Consent Decree.doc

Disabilities Act Accessibility Guidelines, ADAAG, and related state or federal regulations for hospital facilities, unless other standards are specifically agreed to in this Consent and Order or otherwise required by the California Office of Statewide Health Planning and Development ("OSHPD"). In the event of a conflict between the requirements of this Consent Decree and the requirements of OSHPD for the work to be performed by Defendants, Defendants shall be given 30 days to petition the Court for ruling and order to either modify this Consent Decree or otherwise resolve any such future conflict. Such an order may also extend the time for Defendant's performance herein and may include an award of plaintiff's attorney fees and costs.

    a) <u>Remedial Measures</u>: The injunctive relief agreed upon by the Parties is attached as **Attachment A** to this Consent Decree, and is incorporated herein by reference as if fully set forth in this document. Defendants agree to undertake the injunctive relief on the terms as set forth in **Attachment A**.

## DAMAGES, ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS:

    7. The parties have not reached an agreement regarding Plaintiff's claims for statutory, actual, treble and personal injury damages in this matter and for Plaintiff's claims for attorney fees, litigation expenses and costs. These issues shall be the subject of further negotiation, litigation, or motion to the Court.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH

— 4 —

**ENTIRE CONSENT ORDER:**

8.  This Consent Order, and any appendices attached, constitutes the entire agreement between the parties on the matters of injunctive relief, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Consent Order, shall be enforceable regarding the matters of injunctive relief described herein.  This consent decree applies to Plaintiff's claims for injunctive relief only and does not resolve Plaintiff's claims for monetary damages, attorney's fees, litigation expenses and costs, which shall be the subject of further negotiation and/or litigation.

**CONSENT ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:**

9.  This Consent Order shall be binding on Plaintiff JOHN MANNICK, Defendants, KAISER FOUNDATION HEALTH PLAN, INC.; KAISER FOUNDATION HOSPITALS; and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Consent Order during the period of the Court's jurisdiction of this consent decree.

**MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542 AS TO INJUNCTIVE RELIEF ONLY:**

10.  Except for all obligations required in this Consent Decree, each of the parties to this Consent Decree, on behalf of each, their respective agents, representatives,

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH            — 5 —            S:\jim\Cases\K\Kaiser\pleadings\consent decrees\5-9-05 Kaiser Consent Decree.doc

predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, arising out of or in any way connected with the Lawsuit.

11. Each of the parties to this Consent Decree understands and agrees that there is a risk and possibility that, subsequent to the execution of this Consent Decree, any or all of them will incur, suffer, or experience some further loss or damage with respect to the Lawsuit which are unknown or unanticipated at the time this Consent Decree is signed. Except for all obligations required in this Consent Decree, the parties intend that this Consent Decree apply to all conditions that existed at the subject facilities and all such further loss with respect to the Lawsuit, except those caused by the parties subsequent to the execution of this Consent Decree. Therefore, except for all such obligations required in this Consent Decree, this Consent Decree shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Consent Decree with respect to the Lawsuit, whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH
— 6 —
S:\jm\Cases\K\Kaiser\pleadings\consent decrees\5-9-05 Kaiser Consent Decree.doc

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

This waiver applies to the injunctive relief aspects of this action **only** and does not include resolution of Plaintiff's claims for damages or attorney fees, litigation expenses and costs.

**TERM OF THE CONSENT ORDER:**

12. This Consent Order shall be in full force and effect for a period of twenty-four (24) months after the date of entry of this Consent Order, or until the injunctive relief is completed in compliance with this Consent Decree. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Consent Decree, or until the injunctive relief contemplated by this Order is completed, whichever occurs later.

**SEVERABILITY:**

13. If any term of this Consent Decree and Order is determined by any court to be unenforceable, the other terms of this Consent Decree and Order shall nonetheless remain in full force and effect.

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH

— 7 —

S:\jm\Cases\K\Kaiser\pleadings\consent decrees\5-9-05 Kaiser Consent Decree.doc

**SIGNATORIES BIND PARTIES:**

14.  Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: June 29, 2005

_____
JOHN MANNICK

Dated: July __, 2005

_____
KAISER FOUNDATION HEALTH PLAN, INC.

Dated: July __, 2005

_____
KAISER FOUNDATION HOSPITALS

**APPROVED AS TO FORM:**

Dated: August 16, 2005

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
JOHN MANNICK

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH                                        — 8 —         S:\jm\Cases\K\Kaiser\pleadings\consent decrees\5-9-05 Kaiser Consent Decree.doc

1 | **SIGNATORIES BIND PARTIES:**

2 |     14. Signatories on the behalf of the parties represent
3 | that they are authorized to bind the parties to this Consent
4 | Decree and Order.

6 | Dated: June __, 2005

8 |                                   JOHN MANNICK

10 | Dated: July __, 2005
11 | *August 22, 2005*

12 |                                   KAISER FOUNDATION HEALTH PLAN, INC. 8/22/05

14 | Dated: July __, 2005

16 |                                   KAISER FOUNDATION HOSPITALS

18 | **APPROVED AS TO FORM:**
19 | Dated: July __, 2005        PAUL L. REIN
20 |                                   PATRICIA BARBOSA
                                  JULIE MCLEAN
                                  LAW OFFICES OF PAUL L. REIN

                                  Attorneys for Plaintiff
                                  JOHN MANNICK

LAW OFFICES OF
PAUL L. REIN

**SIGNATORIES BIND PARTIES:**

14. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Consent Decree and Order.

Dated: June ___, 2005

_____
JOHN MANNICK

Dated: July ___, 2005

KAISER FOUNDATION HEALTH PLAN, INC.

Dated: July 27, 2005

_____
KAISER FOUNDATION HOSPITALS

**APPROVED AS TO FORM:**

Dated: July ___, 2005

PAUL L. REIN
PATRICIA BARBOSA
JULIE MCLEAN
LAW OFFICES OF PAUL L. REIN

_____
Attorneys for Plaintiff
JOHN MANNICK

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH

— 8 —

C:\DOCUME~1\OAKDCS\LOCALS~1\Temp\P.Notes\~0091386.doc

| | | |
|---|---|---|
| 1 | Dated: July 21, 2005 | TIMOTHY PIERCE |
| 2 | | ELLEN PAPADAKIS |
| | | THELEN REID & PRIEST LLP |

*[signature]*

Attorneys for Defendant
KAISER FOUNDATION HEALTH PLAN,
INC.; KAISER FOUNDATION HOSPITALS

## ORDER

Pursuant to stipulation, and for good cause shown, IT IS SO ORDERED.

Dated: September 20, 2005

*[signature]*

HON. PHYLLIS J. HAMILTON
UNITED STATES JUDGE

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503
(510) 832-5001

Consent Decree and Order:
Case No. C03-05905 PJH

— 9 —

**Attachment A to Consent Decree**
**John Mannick v. Kaiser Foundation Health Plan et al.**
**Case No. C03-5905 PJH/WDB**
**Page 1 of 3**

Pursuant to the terms of the Consent Decree, the following injunctive relief is agreed upon between the parties as resolution to plaintiff's claims for injunctive relief as set forth in the Complaint filed on December 31, 2003.

The parties agree and stipulate that all work to be performed herein will be performed in compliance with all applicable standards and specifications for disabled access as set forth in the California Code of Regulations, Title 24-2, the Americans with Disabilities Act Accessibility Guidelines, and related state and federal regulation for hospital facilities unless other standards are specifically agreed to in this Consent and Order or as otherwise required by the California Office of Statewide Health Planning and Development ("OSHPD"), according to the procedures stated in paragraph 6 of the consent decree.

Defendants or their counsel will notify plaintiff's counsel when the work is completed, but will in any case provide a written status report of the corrective work every six months until the work is completed. In the event that unforeseen difficulties prevent defendant from completing any of the agreed-upon corrective work, defendants or their counsel will notify plaintiff's counsel in writing within 30 days of discovering the delay. At least 30 days prior to filing any motion to compel enforcement of this Consent Decree, plaintiff will conduct a good faith meeting with defendants to negotiate a new completion date for the delayed corrective work if warranted by the circumstances. The parties agree to submit any motion for enforcement or relief of any terms of this Consent Decree to Magistrate Judge Wayne D. Brazil for hearing and decision, or to the Court in the event Magistrate Judge Wayne D. Brazil is not available.

1. <u>Accessible parking spaces in the Howe Street parking structures and the MacArthur/Broadway Building</u>:

Defendants will provide a total of 75 new and existing accessible parking spaces, 10 of which will be designated and configured as "van accessible" parking spaces. Two van accessible spaces and 30 regular accessible parking spaces will be provided at the Howe Street parking structure. Eight van accessible spaces and 35 regular accessible parking spaces will be provided at the MacArthur/Broadway Center. Defendants will install all signage, and install an accessible paths of travel from the parking spaces to the closest accessible entrance. Defendants will complete work to provide accessible parking by January 1, 2006.

2. <u>Policy for Disabled Parking</u>:

<u>Parking fees</u>: Defendants are not required to waive parking fees for disabled persons, but if they choose to do so, defendants must institute a policy that does not require disabled persons to unreasonably travel farther distances than payee members or make multiple trips to obtain the fee waiver. Signage indicating the policy for having

**Attachment A to Consent Decree**
**John Mannick v. Kaiser Foundation Health Plan et al.**
**Case No. C03-5905 PJH/WDB**
**Page 2 of 3**

a parking fee waived will be installed at the accessible parking spaces, at the entrance to the parking structure, and at the parking lot exits.

<u>Paths of travel for accessible parking spaces</u>: Defendants will provide an accessible path of travel from the disabled parking spaces at the Howe Street Structure and the MacArthur/Broadway Center to the closest accessible hospital entrances. The accessible paths of travel will provide free and unobstructed access for mobility disabled persons, including directional signage, sidewalks, walkways, curb cuts, and curb ramps as needed to provide access to the hospital entrances. The paths of travel will be completed at the same time as the accessible parking to provide parking and an accessible path of travel to the hospital.

3. <u>The Patient Discharge Area For The Hospital</u>:

Defendants agree to provide an accessible ramp with compliant handrails which leads to an accessible curb cut and accessible parking space for disabled patients leaving the hospital. Defendants will complete work on the exit ramp and handrails within nine months of entry of this Consent Decree. A van accessible parking space will be installed when the "old Fabiola" building is demolished, which defendants expect will be January 31, 2006.

4. <u>MacArthur Boulevard Entrance to the Hospital</u>:

Defendants will make the MacArthur Blvd. entrance serving the parking at the MacArthur/Broadway Center accessible and provide signage indicating that it is an accessible hospital entrance. Defendants will provide an accessible entrance and signage by the end of 2005.

5. <u>Accessible Patient Rooms/Accessible Toilets and Roll-in Showers in the Hospital Facility</u>:

Defendants will provide the following accessible patient rooms and facilities: Defendants will provide one fully accessible patient room (for use by two disabled patients) with accessible toilet and roll-in shower on the 6th floor of the hospital by the end of 2005. Defendants will submit plans for two fully accessible patient rooms for the eighth floor of the hospital to OSHPD within six months of execution of this Consent Decree and complete the work within six months of obtaining approval from OSHPD. Defendants will submit plans for fully accessible roll-in showers/restrooms for use by disabled patients on each of the three remaining medical/surgical hospital floors (Floors 7, 9, and 10) to OSHPD within four months of execution of this Consent Decree and complete the work within six months of obtaining approval from OSHPD.

**Attachment A to Consent Decree**
**John Mannick v. Kaiser Foundation Health Plan et al.**
**Case No. C03-5905 PJH/WDB**
**Page 3 of 3**

6. <u>Modification of policies and procedures for patient admittance and employee training</u>:

<u>Patient Admittance</u>: Defendants will modify their policies and procedures regarding admittance of mobility disabled patients to the Kaiser Oakland Hospital to provide them an accessible hospital room. Until such time as the accessible hospital patient rooms and accessible showers and toilets in the Kaiser Oakland Hospital facilities are available to mobility disabled persons, disabled patients requiring admittance will be evaluated by a physician prior to admittance at Kaiser Oakland Hospital and given the option of transferring to another, accessible, Kaiser hospital for the term of their hospitalization. Patients accepting the option to transfer to another accessible Kaiser hospital will not be charged any additional fee for choosing to transfer to an accessible hospital. This policy will be instituted within 30 days of entry of this consent decree.

<u>Training of employees and maintenance of accessible equipment</u>: to the extent it has not already been implemented, Defendants will ensure that employees are given training in safely using accessible equipment such as lifts to transfer disabled patients to and from their beds, and ensure that accessible equipment is maintained in working condition for use of disabled patients. To the extent it does not already exist, a policy for such training will be established within 30 days of entry of this Consent Decree.