UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOHN MANNICK,

        Plaintiff,

       v.

KAISER FOUNDATION HEALTH PLAN, INC., et al.,

        Defendants.
_____/

No. C 03-5905 PJH

**FINAL PRETRIAL ORDER AND ORDER RE PRETRIAL MOTIONS**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The pretrial statements of the parties are incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I. <u>MOTIONS IN LIMINE</u>

    1. Plaintiff's Motion in Limine No. 1 to exclude evidence of defendant's expert witness Douglas Goodin, M.D., is DENIED. A motion to exclude an expert witness from testifying is not a proper subject for a motion in limine, as it is not a motion seeking to preclude a party from introducing a particular item of evidence. Moreover, there is no evidence that Dr. Goodin reviewed or attempted to review plaintiff's medical records, and there is nothing confidential in the letter sent by plaintiff's counsel to the UCSF MS Center.

    2. Plaintiff's Motion in Limine No. 2 to exclude evidence of witnesses listed in defendants' supplemental disclosure is DENIED. Plaintiff's motion does not identify the witnesses that he seeks to exclude from testifying. Moreover, a motion to exclude testimony at trial as a sanction for violations of Rule 26 is not properly brought as a motion in limine.

3. Plaintiff's Motion in Limine No. 3 to exclude evidence conflicting with defendants' response to plaintiff's Request for Admissions No. 49 is DENIED. Magistrate Judge Spero has already ruled that defendants may withdraw the admission and amend their response. In addition, evidence regarding the 4th floor shower is not relevant to any issue remaining in the case.

4. Plaintiff's Motion in Limine No. 4 to exclude evidence of defendants' expert witnesses Marcus Hibser, James Terry, and Douglas Goodin, M.D., for failure to comply with Rule 26 is DENIED. A motion to exclude an expert witness from testifying is not a proper subject for a motion in limine. In addition, with regard to Hibser, the testimony regarding the 4th floor shower is not relevant to any issue remaining in the case, and defendants have indicated their intent to withdraw Hibser as an expert. With regard to Terry and Dr. Goodin, plaintiff has not established any prejudice from the minor omissions – since remedied – in the expert reports.

5. The court reserves its ruling on defendants' Motion in Limine No. 1 to preclude evidence related to issues that have been summarily adjudicated, pending the decision on plaintiff's motion for reconsideration (and the request for leave to file a motion for reconsideration).

6. Defendants' Motion in Limine No. 2 to preclude and/or limit testimony of plaintiff's expert witnesses Peter Margen, Robert Johnson, and Rosabel Young, M.D., for violations of Rule 26 and/or other grounds is GRANTED, in accordance with Magistrate Judge Spero's June 23, 2006, ruling on defendants' Rule 37 motion. The court reserves its ruling on defendants' motion to preclude and/or limit the testimony of plaintiff's expert Paul Berg, pending the decision on plaintiff's motion for reconsideration.

7. Defendants' Motion in Limine No. 3 to exclude evidence of barriers that did not directly affect plaintiff personally during his hospitalization is GRANTED, based on the representation by plaintiff's counsel that plaintiff does not intend to present such evidence.

8. Defendants' Motion in Limine No. 4 to exclude all testimony and evidence regarding Kaiser's finances is DENIED, as resolution of the claims remaining in the case may require consideration of Kaiser's finances.

9. Defendants' Motion in Limine No. 5 to exclude all evidence regarding D.J. Agnew's experiences as a patient at Kaiser is GRANTED. This evidence is not relevant to any issue in the case.

10. Defendants' Motion in Limine No. 6 to exclude all evidence regarding the 4th floor roll-in shower is GRANTED, as indicated above.

11. Defendants' Motion in Limine No. 7 to preclude any mention of settlement offers and/or defendants' Rule 68 offer in this case is GRANTED. Evidence of settlements or efforts to settle is inadmissible under Federal Rule of Evidence 408.

12. Defendants' Motion in Limine No. 8 to preclude any mention of the consent decree and order entered in this case is GRANTED, for the reasons stated with regard to defendants' Motion in Limine No. 7.

13. Defendants' Motion in Limine No. 9 to preclude any reference to the class action filed against defendants by Disability Rights Advocates and/or the

|   |   |
|---|---|
| | settlement agreement in that case is GRANTED, for the reasons stated with regard to defendants' Motion in Limine No. 7.  In addition, evidence of the DRA case is not relevant to any issue in the present case. |
| 14. | Defendants' Motion in Limine No. 10 to preclude any reference to the study commissioned by defendants in 1993 to assess architectural barriers in Kaiser's Northern California facilities (the Favro Study) is DENIED.  However, only those portions of the Favro Study that are relevant to the issues remaining in the case will be admitted. |

II.   DAUBERT MOTIONS

In their Daubert motions, defendants seek to limit the testimony of plaintiff's experts rather than to exclude them as witnesses altogether.

   1.   Peter Margen

Defendants' motion to preclude testimony of plaintiff's expert Peter Margen on issues relating to whether certain disputed remodeling projects at Kaiser Oakland Hospital were "readily achievable" under the ADA and relating to whether certain construction work at Kaiser "triggered" a requirement to comply with federal and/or state accessibility requirements is GRANTED.  Margen is not qualified by experience and/or training to render opinions on those issues because he is neither a construction expert nor a financial expert.  Moreover, he will not be permitted to state opinions as to those issues, in part because the determination whether construction or remodeling required to make the facility ADA-compliant was "readily achievable" or whether construction work "triggered" a requirement to comply with accessibility requirements involves legal questions, and because such testimony would usurp the function of the jury to determine the facts in the case.  The court finds, however, that Margen is qualified by experience and/or training to testify as to the existence of barriers at Kaiser Oakland Hospital.

   2.   Robert W. Johnson

Defendants' motion to preclude testimony of plaintiff's expert Robert W. Johnson as to whether it was "readily achievable" for Kaiser to provide on accessible patient room at Kaiser Oakland Hospital is GRANTED, for the reasons stated above with regard to Peter Margen.  The court finds, however, that Johnson is qualified  by experience and training to testify as to the overall financial resources of defendants and to calculate the cost of

plaintiff's future medical costs.

    3.     Arthur S. Shorr

Defendants' motion to preclude testimony of plaintiff's expert Arthur S. Shorr regarding the reasonableness of Kaiser's policies of accommodating disabled patients is GRANTED, as there is no evidence that Shorr has read Kaiser's policies regarding disabled patients, or that he is an expert in the requirements of the ADA or California disability laws. Shorr testified in his deposition that he never received any Kaiser policies or procedures from which he could determine what Kaiser's policy is or was with respect to treating or caring for patients, and that he was not an expert in the ADA and had never provided consulting with regard to ADA compliance.

Defendants' motion to preclude Shorr's testimony regarding the impact that providing an accessible patient room would have had on Kaiser's hospital operations is GRANTED. While Shorr appears qualified to provide opinions as to hospital administration generally, there is no evidence that Shorr has any knowledge of or has performed any analyses of Kaiser's hospital operations. For example, Shorr testified in his deposition that he had no data with which to refute Kaiser's claim that it is occupationally very difficult for Kaiser Oakland to run at an 85% occupancy level, that he had no figures for bed-days available at any point in time for Kaiser Oakland, and that he had no information regarding the physical layout of Kaiser Oakland.

Defendants' motion to preclude Shorr's testimony regarding bed confinement and bed census management is GRANTED, as Shorr has admitted that he lacks the expertise to render opinions regarding the clinical needs of particular patients.

    4.     Rosabel Young, M.D.

Defendants' motion to preclude testimony of plaintiff's expert Dr. Rosabel Young with regard to the effect on plaintiff's condition of the stress and/or depression he suffered as a result of his experiences when he was hospitalized at Kaiser Oakland in January 2003 is DENIED, subject to the limitations imposed by Judge Spero's June 23, 2006, ruling on defendants' Rule 37 motion. However, it appears questionable whether any significant

weight can be accorded Dr. Young's opinions.  While Dr. Young – a neurologist who has treated numerous patients suffering from MS – is arguably qualified to render opinions regarding the effects of MS on a patient suffering from that disease, there is no evidence that Dr. Young has recently reviewed the medical literature regarding the effects of stress or depression on a person suffering from MS, has written any articles on MS or on the effects of stress or depression on a person suffering from MS, has ever taught any courses on MS, has ever published a book on MS, has ever participated in any clinical research trials regarding MS, or has ever previously provided expert testimony on the effects of stress or depression on a person suffering from MS.

### III. MOTION TO BIFURCATE

Defendants' motion to bifurcate the trial of liability from damages is DENIED.

### IV. OBJECTIONS TO EXHIBITS

Plaintiffs' objections to defendants' exhibits are STRICKEN.

### V. TRIAL SCHEDULE AND TIME LIMITS

Trial will take place on 8 court days commencing August 7, 2006, from 8:30 a.m. to 1:30 p.m., with two fifteen-minute breaks.  Each side will be permitted 12 hours for opening statements, direct examination of witnesses, and cross-examination of witnesses.  Closing arguments will not be included in the time allotment, and will take place no later than August 18, 2006.

### VI. MISCELLANEOUS

Defendants may submit supplemental voir dire questions, no later than July 18, 2006.  The parties shall submit jointly-prepared case-specific jury instructions and form of verdict, no later than July 26, 2006, 2 days following the mandatory settlement conference.

**IT IS SO ORDERED.**

Dated:  July 14, 2006

PHYLLIS J. HAMILTON
United States District Judge