PAUL L. REIN, Esq. (SBN 43053)
PATRICIA BARBOSA, Esq. (SBN 125865)
JULIE MCLEAN, Esq. (SBN 215202)
LAW OFFICES OF PAUL L. REIN
200 Lakeside Dr., Suite A
Oakland, CA 94612
(510) 832-5001

GWILLIAM IVARY CHIOSSO CAVALLI & BREWER
J. Gary Gwilliam (State Bar No. 33430)
1999 Harrison St., Suite 1600
Oakland, CA 94612
Telephone: (510) 832-5411
Facsimile: (510) 832-1918

Attorneys for Plaintiff:
JOHN MANNICK

SEYFARTH SHAW LLP
Janine Simerly (State Bar No. 102361)
Kari Erickson Levine (State Bar No. 146101)
560 Mission Street, Suite 3100
San Francisco, California 94105
Telephone: (415) 397-2823
Facsimile: (415) 397-8549

Attorneys for Defendants:
KAISER FOUNDATION HEALTH PLAN, INC. and
KAISER FOUNDATION HOSPITALS

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

JOHN MANNICK,

    Plaintiff,

v.

KAISER FOUNDATION HEALTH
PLAN, INC.; KAISER FOUNDATION
HOSPITALS, and DOES 1 - 50,
Inclusive,

    Defendants.

CASE NO. C03-5905 PJH
<u>Civil Rights</u>

STIPULATED SETTLEMENT
AGREEMENT AND [~~PROPOSED~~] ORDER

## SETTLEMENT AGREEMENT AND ORDER

1.     Plaintiff JOHN MANNICK filed a Complaint in this action on December 31, 2003, to enforce provisions of the Americans with Disabilities Act of 1990 ("ADA"), 42 U.S.C.

1  §§ 12101 et seq., and California civil rights laws against Defendants KAISER FOUNDATION
2  HEALTH PLAN, INC. and KAISER FOUNDATION HOSPITALS. Plaintiff has alleged that
3  Defendants violated Title III of the ADA and sections 54.1 and 55 of the California Civil Code,
4  and sections 19955 et seq., of the California Health and Safety Code, by failing to provide full
5  and equal access to their facilities at the Kaiser Oakland Hospital when plaintiff was
6  hospitalized at the subject facilities from January 2, 2003 to January 8, 2003.
7        2.    Defendants KAISER FOUNDATION HEALTH PLAN, INC. and KAISER
8  FOUNDATION HOSPITALS ("Defendants") deny the allegations in the Complaint and by
9  entering into this Settlement Agreement and Order do not admit liability to any of the
10 allegations in Plaintiff's Complaint filed in this action. The parties hereby enter into this
11 Settlement Agreement and Order for the purpose of resolving this lawsuit without the need for
12 protracted litigation, and without the admission of any liability.
13
14 **JURISDICTION:**
15       3.    The parties to this Settlement Agreement agree that the Court has jurisdiction of
16 this matter pursuant to 28 USC §1331 for alleged violations of the Americans with Disabilities
17 Act of 1990, 42 USC 12101 et seq. and pursuant to supplemental jurisdiction for alleged
18 violations of California Health & Safety Code §19955 et seq., including §19959; Title 24
19 California Code of Regulations; and California Civil Code §§54; 54.1; §54.3; and 55.
20       4.    In order to avoid the costs, expense, and uncertainty of protracted litigation, the
21 parties to this Settlement Agreement agree to entry of this Order to resolve all claims for
22 damages raised including those raised in the Complaint filed with this Court on December 31,
23 2003. Accordingly, they agree to the entry of this Order without trial or further adjudication of
24 any issues of fact or law concerning plaintiff's claims for damages.
25       WHEREFORE, the parties to this Settlement Agreement hereby agree and
26 stipulate to the Court's entry of this Settlement Agreement and Order, which provides as
27 follows:
28 ///

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

Settlement Agreement and Order: Case No. C03-
5905 PJH

— 2 —

## SETTLEMENT OF INJUNCTIVE RELIEF:

5.   Injunctive relief was previously settled by a Consent Decree and Order signed by the parties and entered as an order by the Court on September 20, 2005. Enforcement of that Order will be by the Court pursuant to an Order assigning enforcement by a hearing in front of Magistrate Judge Spero now scheduled for September 29, 2006. Plaintiff retains all rights to seek an award of attorney fees, litigation expenses and costs with regard to obtaining the subject Consent Decree and all efforts to obtain Defendants' compliance with its terms as determined by the Court.

## DAMAGES:

6.   The parties have reached an agreement regarding plaintiff's claims for damages. Defendants shall pay to plaintiff the sum of $150,000 in full satisfaction of all claims for damages, including physical personal injury, emotional distress, civil rights violations, and any other form of damages. Payment shall be made by check payable to "John Mannick" within fifteen (15) business days of the execution of this agreement by the parties and receipt of a W-9 form. Within 24 hours of receipt of this agreement executed by plaintiff, defendants shall execute this agreement. This settlement is the result of a settlement conference held before Magistrate Judge Maria-Elena James. Judge James will retain jurisdiction to enforce the terms of this Settlement Agreement.

## ATTORNEY FEES, LITIGATION EXPENSES, AND COSTS

7.   The law firm of Gwilliam, Ivary, Chiosso, Cavalli & Brewer and The Law Offices of Paul Rein will recover statutory attorney fees in an amount agreed upon at a settlement conference to be presided over by Magistrate Judge Maria-Elena James, or in an amount set by the Court pursuant to a motion by plaintiff. All parties agree to accept the award of attorney fees by the Court or Magistrate Judge as final, and waive any right to appeal such order. All parties agree to make their best good faith effort to settle the attorney fees issues at settlement conference before plaintiff files an attorney fees motion. Defendants agree to pay

such award within twenty (20) business days of reaching such settlement or receiving an order for such fees and receiving W-9 forms from respective counsel.

### ENTIRE SETTLEMENT AGREEMENT ORDER:

8. This Settlement Agreement and Order constitutes the entire agreement between the signing parties, and no other statement, promise, or agreement, either written or oral, made by any of the parties or agents of any of the parties, that is not contained in this written Settlement Agreement and Order, shall be enforceable regarding the matters described herein.

### SETTLEMENT AGREEMENT AND ORDER BINDING ON PARTIES AND SUCCESSORS IN INTEREST:

9. This Settlement Agreement and Order shall be binding on Plaintiff JOHN MANNICK, Defendant KAISER FOUNDATION HEALTH PLAN INC., Defendant KAISER FOUNDATION HOSPITALS, and any successors in interest. The parties have a duty to so notify all such successors in interest of the existence and terms of this Settlement Agreement and Order during the period of the Court's jurisdiction of this Settlement Agreement.

### MUTUAL RELEASE AND WAIVER OF CIVIL CODE SECTION 1542:

10. Each of the parties to this Settlement Agreement understands and agrees that there is a risk and possibility that, subsequent to the execution of this Settlement Agreement, any or all of them will incur, suffer, or experience some further loss or damage with respect to claims, including those raised in the Lawsuit which are unknown or unanticipated at the time this Settlement Agreement is signed. Except for all obligations required in this Settlement Agreement and the previously-signed Consent Decree and Order, and except for plaintiff's continuing claim for attorney fees, litigation expenses, and costs, the parties intend that this Settlement Agreement apply to all such further loss with respect to all claims plaintiff has against defendants, including those raised in the Lawsuit, except those caused by the parties subsequent to the execution of this Settlement Agreement. Therefore, except for all obligations

required in this Settlement Agreement and the Consent Decree and Order, this Settlement Agreement shall apply to and cover any and all claims, demands, actions and causes of action by the parties to this Settlement Agreement, including those claims raised in the Lawsuit (except for plaintiff's continuing claim for attorney fees, litigation expenses, and costs), whether the same are known, unknown or hereafter discovered or ascertained, and the provisions of Section 1542 of the California Civil Code are hereby expressly waived. Section 1542 provides as follows:

> A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS WHICH THE CREDITOR DOES NOT KNOW OR SUSPECT TO EXIST IN HIS FAVOR AT THE TIME OF EXECUTING THE RELEASE, WHICH IF KNOWN BY HIM MUST HAVE MATERIALLY AFFECTED HIS SETTLEMENT WITH THE DEBTOR.

11. Except for all obligations required in this Settlement Agreement and the Consent Decree and Order in this action, and except for plaintiff's continuing claim for attorney fees, litigation expenses and costs, each of the parties to this Settlement Agreement, on behalf of each, their respective agents, representatives, predecessors, successors, heirs, partners and assigns, releases and forever discharges each other Party and all officers, directors, shareholders, subsidiaries, joint venturers, stockholders, partners, parent companies, employees, agents, attorneys, insurance carriers, heirs, predecessors, and representatives of each other Party, from all claims, demands, actions, and causes of action of whatever kind or nature, presently known or unknown, including those raised in the Lawsuit, up through the date of execution of this Agreement.

**NO PRESS CONFERENCE:**

13. The parties agree that plaintiff and his attorney will not call a press conference with regard to this settlement. Otherwise, all parties retain their rights to communicate with the press.

## TERM OF THE SETTLEMENT AGREEMENT AND ORDER:

14. This Settlement Agreement and Order shall be in full force and effect until the relief contemplated by this Order is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Settlement Agreement, or until the relief contemplated by this Order is completed, whichever occurs later.

## SEVERABILITY:

15. If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order. This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: August 3, 2006

Plaintiff JOHN MANNICK

Dated: August __, 2006

Defendant KAISER FOUNDATION HEALTH PLAN, INC.

Dated: August __, 2006

Defendant KAISER FOUNDATION HOSPITALS

APPROVED AS TO FORM:

Dated: August __, 2006

THE LAW OFFICES OF PAUL L. REIN

By Paul L. Rein

## TERM OF THE SETTLEMENT AGREEMENT AND ORDER:

14. This Settlement Agreement and Order shall be in full force and effect until the relief contemplated by this Order is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Settlement Agreement, or until the relief contemplated by this Order is completed, whichever occurs later.

## SEVERABILITY:

15. If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16. Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order. This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: August __, 2006

Plaintiff JOHN MANNICK

Dated: August 4, 2006

Defendant KAISER FOUNDATION HEALTH PLAN, INC.

Dated: August __, 2006

Defendant KAISER FOUNDATION HOSPITALS

APPROVED AS TO FORM:

Dated: August 3, 2006

THE LAW OFFICES OF PAUL L. REIN

By Paul L. Rein

## TERM OF THE SETTLEMENT AGREEMENT AND ORDER:

14.   This Settlement Agreement and Order shall be in full force and effect until the relief contemplated by this Order is completed. The Court shall retain jurisdiction of this action to enforce provisions of this Order for twenty-four (24) months after the date of this Settlement Agreement, or until the relief contemplated by this Order is completed, whichever occurs later.

## SEVERABILITY:

15.   If any term of this Settlement Agreement and Order is determined by any court to be unenforceable, the other terms of this Settlement Agreement and Order shall nonetheless remain in full force and effect.

## SIGNATORIES BIND PARTIES:

16.   Signatories on the behalf of the parties represent that they are authorized to bind the parties to this Settlement Agreement and Order. This Settlement Agreement and Order may be signed in counterparts and a facsimile signature shall have the same force and effect as an original signature.

Dated: August ___, 2006

Plaintiff JOHN MANNICK

Dated: August 4, 2006

Defendant KAISER FOUNDATION HEALTH PLAN, INC.

Dated: August 4, 2006

Defendant KAISER FOUNDATION HOSPITALS

APPROVED AS TO FORM:

Dated: August 3, 2006

THE LAW OFFICES OF PAUL L. REIN

By Paul L. Rein

| | | |
|---|---|---|
| 1 | Dated: August 3, 2006 | GWILLIAM IVARY CHIOSSO CAVALLI & BREWER |
| 2 | | |
| 3 | | *[signature]* |
| | | By J. Gary Gwilliam |
| 4 | | Attorneys for Plaintiff JOHN MANNICK |
| 5 | Dated: August 4, 2006 | SEYFARTH SHAW LLP |
| 6 | | |
| 7 | | *[signature]* |
| | | By Kari Erickson Levine |
| 8 | | Attorneys for Defendants KAISER FOUNDATION HEALTH PLAN, INC. and KAISER FOUNDATION HOSPITALS |

LAW OFFICES OF
PAUL L. REIN
200 LAKESIDE DR., SUITE A
OAKLAND, CA 94612-3503

Settlement Agreement and Order: Case No. C03-5905 PJH

— 7 —

1 **ORDER**

2 Pursuant to stipulation, and for good cause shown, **IT IS SO ORDERED.**

3

4 Dated: 8/4/06

5 Hon. ~~Maria Elena James~~
   U.S. ~~Magistrate Judge~~
6 Hon.

*[Seal: UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA]*

*[Stamp: IT IS SO ORDERED / [signature] / Judge Phyllis J. Hamilton]*