**United States District Court**
For the Northern District of California

1

2

3

4

5                          UNITED STATES DISTRICT COURT

6                          NORTHERN DISTRICT OF CALIFORNIA

7

8

9

10    JOHN MANNICK,

11              Plaintiff,                        No. C 03-5905 PJH

12        v.                                      **ORDER GRANTING RELIEF**
                                                  **FROM JUDGMENT**
13    KAISER FOUNDATION HEALTH PLAN,
      INC., et al.,
14
                Defendants.
15    _____/

16        Before the court is the motion of defendants Kaiser Foundation Health Plan, Inc. and

17    Kaiser Foundation Hospitals for relief from judgment based on clerical error, under Federal

18    Rule of Civil Procedure 60(a).  In the alternative, they seek relief from judgment under

19    Federal Rule of Civil Procedure 60(b)(6).  Having read the parties' papers and carefully

20    considered their arguments, and the relevant legal authorities, and good cause appearing,

21    the court hereby GRANTS the motion.

22        Plaintiff John Mannick filed this action on December 31, 2003, alleging denial of

23    access to public accommodations, in violation of the Americans With Disabilities Act and

24    California law.  He sought injunctive relief and damages.  Following a series of settlement

25    conferences, the parties agreed in July 2005 to settle the injunctive relief portion of the

26    case.  Plaintiff's counsel submitted the parties' signed settlement and proposed consent

27    decree to the court, and the consent decree was signed and entered on September 20,

28    2005.

**United States District Court**

For the Northern District of California

Attachment A to the consent decree set forth the scope of and timing of the agreed injunctive relief.  Defendants subsequently discovered that the version of Attachment A that was appended to the consent decree was not the version that the parties had agreed upon. Defendants now seek an order substituting the agree-upon version for the as-filed version. They contend that this relief is warranted under either Rule 60(a) or Rule 60(b)(6). The court finds that relief is warranted under either rule.  Rule 60(a) provides that clerical mistakes in judgments may be corrected by the court at any time.  Fed. R. Civ. P. 60(a). Plaintiff contends that this rule is inapplicable because it applies only to clerical errors by the clerk or the court.

While the court was able to locate no Ninth Circuit authority holding that Rule 60(a) is or is not limited as plaintiff argues, it does appear that other circuits have applied the rule to clerical errors by parties.  See Matter of West Texas Marketing Corp., 12 F.3d 497, 503-04 (5th Cir. 1994); see also Warner v. Bay St. Louis, 526 F.2d 1211, 1212 (5th Cir. 1976) (mistakes correctable by Rule 60(a) are "not necessarily made by the clerk"); Pattiz v. Schwartz, 386 F.2d 300, 303 (8th Cir. 1968) (mistakes by parties correctable by Rule 60(a)).

Here, the court finds that the consent decree entered by the court was not the settlement agreed to by the parties, because the attachment setting forth the agreed injunctive relief did not accurately reflect the settlement.  The inclusion of the incorrect version of Attachment A appears to have been a clerical error on the part of plaintiff's counsel.  Thus, modifying the consent decree by substituting the correct version of Attachment A is warranted, in order to correct that clerical error.

Rule 60(b)(6) provides that the court may relieve a party from a final judgment or order for "any . . . reason justifying relief from the operation of the judgment."  Fed. R. Civ. P. 60(b)(6).  While Rule 60(b)(6) should be liberally applied to accomplish justice, it also should be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment.  Accordingly, a party who moves for such relief "must demonstrate both injury and circumstances beyond his control

2

United States District Court

For the Northern District of California

1    that prevented him from proceeding with . . . the action in a proper fashion." In re

2    International Fibercom, Inc., __ F.3d __, 2007 WL 2610892, *5 (9th Cir., Sept. 12, 2007)

3    (citations and quotations omitted).

4         Defendants have demonstrated both injury and circumstances beyond their control

5    that prevented them from seeking relief more quickly.  The injury lies in the fact that one (of

6    several) bases for finding defendants in contempt of court for failing to meet certain

7    deadlines in the consent decree was that defendants failed to complete the access ramp in

8    the patient discharge area within nine months of entry of the consent decree, as required

9    by the as-filed version of Attachment A.  However, the as-agreed version of Attachment A

10   allowed defendants six months beyond the date of approval of the construction documents

11   by OSHPD (or nine months from entry of the consent decree if no OSHPD approval was

12   required).  As OSHPD approval was required, defendants should not have been found in

13   contempt for failing to complete the work within nine months after the entry of the consent

14   decree.

15       Defendants have also shown circumstances beyond their control that prevented

16   them from seeking relief more quickly.  At the time the terms of the consent decree were

17   negotiated, defendants were represented by the law firm of Thelen Reid and Priest LLP.

18   Shortly after entry of the consent decree, defendants added new counsel, the law firm of

19   Nixon Peabody LLP, and the Thelen firm filed a notice of withdrawal of representation.

20   Four months later, defendants filed a notice of substitution of counsel, substituting the law

21   firm of Seyfarth Shaw LLP for Nixon Peabody.  Based on these changes in representation,

22   the Seyfarth firm was unaware that the incorrect version of Attachment A had been

23   included with the proposed consent decree when it was submitted to the court.

24       Plaintiff argues that the motion should be denied because defendants waited two

25   months after discovering the error.  However, the evidence submitted by defendants shows

26   that once the Seyfarth attorneys became aware of the error, they attempted to obtain the

27   agreement of plaintiff's counsel to modifying the consent decree.  Despite the fact that the

28   Seyfarth attorneys made clear to plaintiff's counsel that they did not intend for the

3

modification to alter in any way their obligations under the consent decree, plaintiff's counsel refused to agree to the modification, necessitating the filing of the present motion. The court finds that defendants have established good cause for the delay in seeking relief.

In accordance with the foregoing, the court GRANTS defendants' motion. A "revised" version of the consent decree, incorporating the as-agreed version of Attachment A, shall be submitted (not e-filed) for the court's approval no later than September 26, 2007.

The hearing on the motion, previously set for Wednesday, September 26, 2007, is VACATED.

**IT IS SO ORDERED.**

Dated:  September 21, 2007

_____
PHYLLIS J. HAMILTON
United States District Judge